IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| HILCORP ENERGY COMPANY,<br>*Defendant.* | §<br>§<br>§ | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Great American Insurance Company ("GAIC") complains of Defendant Hilcorp Energy Company ("Hilcorp") as follows:

## PARTIES

1. Plaintiff, GAIC is a foreign company that is licensed to issue insurance in the State of Texas.

2. Defendant, Hilcorp is a corporation that is incorporated under the law of the State of Texas. Defendant has its principle place of business in the State of Texas. Defendant may be served with process by serving its registered agent, William P. Swenson, 1201 Louisiana, Suite 1400, Houston, Texas 77042.

## JURISDICTION

3. This suit is brought pursuant to this Court's Diversity Jurisdiction of the Federal Rules of Civil Procedure. 28 U.S.C. § 1332. Further, this Complaint is brought pursuant to 28 U.S.C. 2201, 2202, Fed.R.Civ.P.57. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2) in that Defendant, Hilcorp resides in Harris County and a substantial part of the events giving rise to this claim occurred in Harris County.

## FACTS

4. GAIC issued hull and protection and indemnity ("P&I") insurance ("the Policy") to Hilcorp, with a term of October 1, 2004 to October 1, 2005.

5. On or about September 24, 2005, Defendant Hilcorp claims that four "dumb" barges owned by Broussard Brokers Group ("Broussard") were relocated by Hurricane Rita's storm surge and/or winds.

6. Hilcorp and Broussard entered into a Master Service Agreement ("MSA") on September 7, 1999 and a bareboat charter party ("Bareboat Charter") in late August by Broussard and early October 2005 by Hilcorp. Specifically, Hilcorp did not sign the Bareboat Charter until after the hurricane.

7. Hilcorp presumably paid L.L. Turner for the salvage of the four barges on November 18, 2005 in an amount of $460,000.00.

8. On or about July 31, 2006, Defendant, Hilcorp via its broker, Lockton Companies of Houston ("Lockton"), made an initial claim under the Policy for the alleged loss sustained almost 11 months after the incident totaling $491,349.13.

9. On or about October 17, 2007, Defendant, Hilcorp via Lockton made an additional claim under the Policy for $40,242.48.

10. GAIC acknowledged receipt of notice of the claim and issued a letter on January 2, 2007, reserving its right to deny coverage pending an investigation.

11. GAIC attempted to conduct an investigation to ascertain the damage and loss, by requesting additional information.

2

12. Hilcorp via its broker, Lockton submitted additional new invoices totaling $428,990.68 on July 25, 2007 to GAIC for the first time.

## POLICY PROVISIONS AND REQUESTED DECLARATIONS

13. The Policy, under general terms and conditions, has a section entitled "Notice of Loss", which reads in part:

   NOTICE OF LOSS

   (a) In the event of accident or occurrence causing loss or damage to the property insured, notice shall be given to the Underwriters, prior to the survey, so that they may appoint a Surveyor of their choosing, if they so desire; and whenever the extent of the damage is ascertainable, the Insurer may take or may require the Insured to take tenders for the repair of such damage.

   (b) In the event of any accident or occurrence arising from a risk insured under this policy, notice thereof shall be given to the Company as soon as practicable, and further, that any and every process, pleading and paper of any kind relating to such accident or occurrence shall be forwarded promptly to the Company.

   (c) In respect of any accident or occurrence arising from a risk insured under this policy, the Insured is obligated to and shall take such steps to protect its (and the Company's) interests as would reasonably be taken in absence of this or similar insurance. This insurance, however, shall be void and of no force or effect, in respect of any accident or occurrence, in the event the Assured shall make or shall have made any admission of liability either before or after such accident or occurrence.

14. GAIC has been prejudiced by Hilcorp's late notice.

15. The Policy, under general terms and conditions, has a section entitled "Breach of Warranty" which reads:

   "If an insured breaches any warranty by which:

   a) it undertakes that some particular thing shall be done, or some condition shall be fulfilled; or

3

      b)    it affirms the existence or non-existence of a particular state of facts, then the insurer is discharged from all liability under the policy from the start of the breach.

16. The on-charter paid off-charter survey warranty contained in the Policy was breached.

17. Under the "Protection and Indemnity Clauses" the following is stated:

NOTWITHSTANDING THE FOREGOING THIS COMPANY WILL NOT PAY FOR:

Loss resulting from cancellation of charters, non-collectibility of freight, bad debts, insolvency of agents or others, salvage, general average, detention, loss of use or demurrage of the vessel named herein;

18. Further, under general terms and conditions there is a section entitled "Other Insurance" which states the following:

"If other valid and collectible insurance exists protecting the Assured against a loss covered by this Policy, this Policy shall be null and void with respect to said loss whether the Assured is specifically named in such other policy of insurance or not; provided, however, that if the applicable Limit of Liability of such other valid and collectible insurance is not sufficient to protect the Assured against such loss, this policy shall apply, but only as excess insurance over such other valid and collectible insurance in an amount equal to the applicable Limit of Liability of this Policy and not as a contributing insurance.

19. GAIC seeks a declaration that no coverage exists for Defendant Hilcorp's claim for the alleged loss involving the four barges on September 24, 2005 because the policy excludes coverage based upon the aforementioned.

## PRAYER

GAIC requests that Defendant Hilcorp be cited to appear herein, and that on final hearing hereof, GAIC be awarded a judgment against Defendant declaring:

    a.    No coverage exists under the Policy for Defendant's claims of loss;

b. The Policy does not provide hull insurance and/or P&I insurance on vessels not owned by Defendant, and specifically scheduled in the Policy;

c. Awarding GAIC attorney's fees and court costs incurred in pursuing the declaratory judgment action; and

d. GAIC requests such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

KILLEEN & STERN, PC

By: ___*/s/ Robert J. Killeen, Jr.*___
Robert J. Killeen, Jr.
Attorney-in-Charge
Federal Bar No. 12343
Texas Bar No. 11407000
8 Greenway Plaza, Suite 614
Houston, Texas 77046
713/626-5100 - Telephone
713/626-4545 - Facsimile

OF COUNSEL:
KILLEEN & STERN, PC
8 Greenway Plaza, Suite 614
Houston, Texas 77046
713/626-5100 - Telephone
713/626-4545 - Facsimile

Attorneys for Plaintiff,
Great American Insurance Company